# FINAL REPORT[1]

## Recommendation 4-2020, Minor Court Rules Committee

*Amendment of Pa.R.C.P.M.D.J. Nos. 515 and 516*

EXTENSION OF TIME FOR A LANDLORD TO REQUEST AN ORDER FOR
POSSESSION IN A RESIDENTIAL LEASE CASE

## I.      Introduction

The Minor Court Rules Committee ("Committee") recommended amendments to Rules 515 and 516 of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges ("Rules").  The amendments will permit a landlord in a case involving a residential lease to request an order for possession within 180 days from the date of entry of judgment rather than the current 120 days.  The recommendation is necessitated by exigent circumstances requiring the immediate adoption of the proposal and is adopted in accordance with Pa.R.J.A. No. 103(a)(3), without prior publication for public comment.

## II.     Background and Discussion

Following the issuance of a judgment in a landlord-tenant case and the requisite waiting period, a landlord seeking to regain property must file a request for an order for possession with the magisterial district court.  *See* Rule 515.  In residential landlord-tenant cases, the landlord must file the request for an order for possession no later than 120 days from the date of entry of the judgment.  *See* Rule 515B(1).  Certain actions will stay the period within which a request for order for possession must be filed, such as an appeal or writ of *certiorari* operating as a *supersedeas*, or a bankruptcy or other stay required by state or federal law.  *See* Rule 515B(2).

Since the onset of the COVID-19 pandemic, the Court, the federal government, the Governor, and the Centers for Disease Control and Prevention ("CDC"), *inter alia*, have promulgated laws and orders suspending certain residential evictions.[2]  One of the

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules.  Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

[2] *See* Order of March 18, 2020, Nos. 531 and 532 Judicial Administration Docket, *In re: General Statewide Judicial Emergency*, pp. 8-9 (suspending eviction, ejectment, or other displacement from a residence based upon the failure to make a rent, loan, or other similar payment).  *See also* Order of April 1, 2020, Nos. 531 and 532 Judicial Administration Docket, *In re: General Statewide Judicial Emergency*, p. 6, Second Supplemental Order; Order of April 28, 2020, Nos. 531 and 532 Judicial Administration

most recent orders staying some residential evictions, issued by the CDC, will expire on December 31, 2020.

The Committee received correspondence recommending an extension of the 120-day period within which a landlord must file a request for an order for possession in a residential landlord-tenant case. An extension would provide the parties with greater flexibility to negotiate and enter into private forbearance agreements. Such private agreements could allow the tenants additional time in which to satisfy back rent obligations while maintaining current rental payments and housing status. Therefore, the Committee recommended increasing the time period within which a landlord must file a request for an order for possession in a residential lease case from 120 days to 180 days.

## III.    Rule Changes

Rules 515 and 516 are amended to provide for 180 days within which a landlord in a residential lease case must request an order for possession. Rule 516C is further amended to provide that upon written request of the landlord in a case arising out of a residential lease, the magisterial district judge shall reissue an order for possession for no more than two additional 60-day periods.

---

Docket, *In re: General Statewide Judicial Emergency*, p. 12. *See also* Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 ("CARES Act"); Commonwealth of Pennsylvania, Executive Order May 7, 2020, § 2, *as amended*, May 21, 2020; Commonwealth of Pennsylvania, Executive Order July 9, 2020, § 2; *Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19*, 85 Fed. Reg. 55292 (Sept. 4, 2020) ("CDC Order").